\_\_\_e S. Asay
\_\_sociated Legal Group, LLC
\_312 Pebrican Ave.
Cheyenne, WY 82001
basay@associatedlegal.com
(307) 632-2888
Attorneys for Plaintiff

F I L E D

JUL 23 2019

DIANE SANCHEZ
CLERK OF THE DISTRICT COURT

IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT

IN AND FOR THE COUNTY OF LARAMIE, STATE OF WYOMING

| | |
|---|---|
| JAKE NOCH, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDEPENDENT FILM DEVELOPMENT CORP., ) <br> a Wyoming Corporation, THEO HANSON, an ) <br> individual, CRAIG LOUPELLE, an individual, ) <br> and ROBERT JEFFREY MAGUIRE, an ) <br> individual, ) <br> ) <br> Defendant. ) | Civil Action No. 191-858 |

## COMPLAINT

Plaintiff, Jake Noch, an individual, by and through his undersigned counsel, Associated Legal Group, LLC, for his Complaint against the Defendant, the Independent Film Development Corporation, a Wyoming Corporation, ("IFLM" or "Company"), Theo Hanson ("Hanson"), Craig Loupelle ("Loupelle"), and Robert Jeffrey Maguire ("Maguire") states and alleges as follows:

PRELIMINARY STATEMENT

1. This action seeks to remedy wrongful conduct by Hanson with respect to false and misleading statements about an undisclosed deal between Hanson and Jeff Ritchie, IFLM's former Chief Executive Officer, with respect to certain securities of IFLM. Once Hanson acquired those securities, he then tried to protect his investment by mispresenting the voting rights of IFLM's Series A Preferred Stock ("Series A Prefererd Stock") and Series AA Preferred Stock (the "Series AA Preferred Stock," and together with the Series A Preferred Stock, the "Series A/AA Preferred Stock"). Then, after Hanson purchased the Series A/AA Preferred Stock from Ritchie, Hanson attempted to elect himself as a Director, Chief Executive Officer and Treasurer of IFLM, along with electing Loupelle and Maguire as Directors.

2. The Series A/AA Preferred Stock held by Hanson does not, however, confer any voting rights to Hanson, let alone the right to elect himself as a Director or Chief Executive Officer and Treasurer. As a result, his election of himself and Loupelle and Maguire, along with his election of Chief Executive Officer, was without authority.

3. After the purchase of the Series A/AA Prefered Stock, in June 2019, Hanson publicly disseminated false information about the voting rights of Series A/AA Preferred Stock and Common Stock of IFLM.

4. These false and misleading statements caused substantial damages to Mr. Noch and other shareholders of IFLM.

5. By this lawsuit, Mr. Noch seeks to protect his investment as an a shareholder of at least 10% of the Common Stock of IFLM and his fellow shareholdres of IFLM.

## BACKGROUND FACTS

6. Jake Noch, an individual, of Naples, Collier County, Florida, is a stockholder in the Defendant Corporation, Independent Film Development Corporation.

7. IFLM is a Wyoming corporation registered with the Wyoming Secretary of State as a for-profit corporation created for the purpose of film and entertainment development.

8. Hanson purports to be a director and the Chief Executive Officer of IFLM, and maintains a business address at 10831 Quail Canyon Road, El Cajon, CA 92021.

9. Loupelle purports to be a director of IFLM, and his election as director was without authority, and maintains a business address at 302 Stanley St., Barrie, Ontario, L4M 6x6, Canada.

10. Maguire purports to be a director of IFLM, and his election as director was without authority, and maintains a business address at 400 Bayfield St., Barrie, Ontario, L4M 5A1, Canada.

11. In its Articles of Incorporation, IFLM indicates that its purpose is to carry on as a non-diversified closed-end management investment company, as those terms are used in the Investment Company Act of 1940 ("1940 Act"), having elected to be regulated under the 1940 Act as a business development company, which is a closed-end management investment company that provides small businesses that qualify as an "eligible portfolio company" with investment capital and also significant managerial assistance.

12. The articles of incorporation (the "Articles") set forth that IFLM has the authority to issue 500,000,000 shares of all classes of capital stock, of which 485,000,000 were designated as common stock, $0.001 par value per share, and of which 15,000,000 are to be shares of series preferred stock, $0.001 par value per share.

13. After various amendments to the Articles, the Corporation purportedly became authorized to issue (i) 6,000,000,000 shares of common stock, par value $0.00001 and (ii) 15,000,010 shares of preferred stock, par value $0.0001 (the "Preferred Stock").

14. The Preferred Stock appears to have been further designated by purported corporation action through Certificates of Designation filed at various times into Series A Preferred Stock, Series AA Preferred Stock, Series B Preferred Stock and Series F Preferred Stock.

15. On June 14, 2019, Hanson publicly stated, on behalf of himself and as the purported Chief Executive Officer and Director of IFLM, that IFLM's common stock has no voting rights whatsoever. However, the Articles, as amended, plainly provide that IFLM's common stock has one vote per share. Thus, Hanson publicly released a material misrepresentation blatantly contradicted by the Articles, as amended, in an attempt to manipulate the price of IFLM's publicly-traded stock on the OTC Markets.

16. Hanson doubled-down on his misrepresentations by stating, on behalf of himself and as the purported Chief Executive Officer and Director of IFLM, "Class A" and "Class AA" shares make up the entire voting bloc of the Company. That representation is unequivocally false and misleading. IFLM does not have, nor do the Articles even mention, any class or series of stock designated as "Class A" or "Class AA". To date, neither IFLM nor Hanson has issued a statement curing such misrepresentation.

17. Additionally, Hanson has scheduled a meeting of the IFLM shares in August 2019. Hanson does not have the right under IFLM's operative certificate of incorporation or bylaws to notice a shareholder meeting. His election as an officer and director is void, without authority and *ultra vires*, and he is not a holder of ten percent (10%) of the shares of IFLM.

18. Hanson harbored an ulterior motive to misrepresent the voting rights of the common stock and the designation of the so-called "Class A" and "Class AA" shares.

19. In fact, the Certificates of Designation of the Series A Preferred Stock and the Series AA Preferred Stock fail to confer *any right* upon either the Series A Preferred Stock or the Series AA Preferred Stock to vote together on all matters, let alone any matters, upon which the common stockholders may vote.

20. In stark contrast thereto, the Certificates of Designation for the Series B Preferred Stock and Series F Preferred Stock do, in fact, confer the right on the holders of such shares of preferred stock to "vote together with holders of Company's common stock on all matters upon which common stockholders may vote."

21. Because Hanson has manipulated the IFLM market, his election as Chief Executive Officer, Treasurer and Director of IFLM and the election of Loupelle and Maguire as Directors of IFLM, including any other positions at the Company, is without authority and *ultra vires* as, moreover, no meeting of the shareholders was called, noticed or had for such election and Hanson's holding of Series A Preferred Stock and Series AA Preferred Stock fail to confer any right for him to vote for his election of the Board of Directors of IFLM and, resultingly, for his vote for the Directors and in favor of his unauthorized election as Chief Executive Officer and Treasurer.

22. In short, by information and belief, Hanson misrepresented, on behalf of himself and as the purported Chief Executive Officer and Director of IFLM, the voting power of the Series A Preferred Stock and Series AA Preferred Stock he allegedly acquired from IFLM's prior management. Despite Mr. Noch's request for Hanson to provide the purchase agreement to Mr. Noch, Hanson has dodged the request. Instead, Hanson has been trying with persistent, daily

...to lure Mr. Noch into purchasing Hanson's Series A Preferred Stock and Series AA Preferred Stock because Hanson realizes he was swindled into purchasing stock that does not vote together with holders of Company's common stock on any matters upon which common stockholders may vote.

### FIRST COUNT
### (Declaratory Judgment)

23. An actual dispute with respect to legal relations exists between Mr. Noch, IFLM Maguire, Loupelle and Hanson with respect to the voting rights of the Series A Preferred Stock and Series AA Preferred Stock and Common Stock.

24. On the one hand, Hanson, Maguire, Loupelle and IFLM believe and have publicly disseminated statements that the Series A Preferred Stock and Series AA Preferred Stock are the entire voting and controlling bloc of IFLM and that the Common Stock has no voting rights.

25. On the other hand, Mr. Noch believes Series A Preferred Stock and Series AA Preferred Stock do not have voting rights and the Common Stock has one vote her share.

26. The Uniform Declaratory Judgment Act authorizes this Court to settle and to afford relief from uncertainty and insecurity with respect to legal relations, and is to be liberally construed and administered.

27. As a result of the dispute between Mr. Noch, Hanson, Maguire, Loupelle and IFLM, Mr. Noch seeks entry of a declaratory judgment that

    a. the Series A Preferred Stock has no voting rights;

    b. the Series AA Preferred Stock has no voting rights;

    c. the Series A Preferred Stock does not vote together with the Common Stock;

    d. the Series AA Prefered Stock does not vote together with the Common Stock;

    e. the election of Hanson as Chief Executive Officer of IFLM is void, without authority and *ultra vires*;

    f. the election of Hanson as Treasurer of IFLM is void, without authority and *ultra vires*;

    g. the election of Maguire as Director of IFLM is void, without authority and *ultra vires*;

    h. the election of Louplle as Director of IFLM is void, without authority and *ultra vires*; and

    i. Hanson lacks authority to notice or call a shareholder meeting.

28. All persons who have or claim to have an interest which would be affected by the declaratory judgment have been made parties hereto.

29. Judgment hereon would terminate the uncertainty or controversy giving rise to this proceeding.

30. Plaintiff has incurred substantial attorneys' fees and costs to enforce his rights.

## SECOND COUNT
### (Preliminary and Permanent Injunction)

31. Mr. Noch incorporates the immediately preceding paragraphs in full as if set forth fully herein.

32. Hanson, Loupelle and Maguire have purported to notice or call a meeting of the shareholders for August 2019, for which they lack authority.

33. Any meeting of the shareholders would be void, without authority and *ultra vires*, and such meeting, if consummated, would cause irreparable harm by purporting to take corporation action where Hanson, Loupelle and Maguire lack the authority to cause.

34. As a result, Mr. Noch seeks a preliminary and permanent injunction enjoining Hanson, Loupelle and Maguire from noticing or calling a shareholders meeting, from holding a

... meeting until further order of this Court and from representing that any of them are ... directors of IFLM.

WHEREFORE, the Plaintiff, Jake Noch, hereby demands of this Court judgment in his ... and against the Defendants, that the Court declare the legal rights of the parties, that the Court enter a preliminary and permanent injunction against the Defendants, along with granting damages, punitive damages, consequential damages, costs, interests, expenses, attorneys' fees and such other and further relief as the Court deems just and proper.

Dated this 22nd of July, 2019.

_____
Bruce S. Asay
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, WY 82001
basay@associatedlegal.com
(307) 632-2888
Attorney for Plaintiff

## ACKNOWLEDGEMENT

I, Jake Noch, the Plaintiff in this matter, do acknowledge, pledge, and confirm, that the statements contained within the foregoing Complaint are true and correct to the best of my knowledge and belief.

Jake Noch
3811 Airport Pulling, STE 203
Naples, FL 34105

STATE OF FLORIDA )
                 ) SS.
COUNTY OF COLLIER )

The foregoing instrument was acknowledged, subscribed, and sworn to before me by, Jake Noch, on this 22nd day of July, 2019.

Personally Known

Notary Public

My Commission Expires:

James Chilemi
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG079830
Expires 3/6/2021