Theo Hanson
10831 Quail Canyon Road
El Cajon, CA  92021
(619) 920-3017
theo.hanson@yahoo.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 AUG -8  AM II: 02

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

JAKE NOCH, an individual,
      Plaintiff,
vs.

CASE NO.

19-CV-162-S

INDEPENDENT FILM DEVELOPMENT
CORP. (IFLM), a dissolved and defunct
Wyoming Corporation;
THEO HANSON, in his capacity as the
present CEO of IFLM;
THEO HANSON, a citizen of California,
individually;
CRAIG LOUPELLE,
a Canadian foreign national, individually; and
ROBERT JEFFREY MAGUIRE,
a Canadian foreign national, individually,
Defendants.

DEFENDANTS' MOTION
TO DISMISS
[Fed.R.Civ.P. 12(b)(6)]

Defendants, and each of them, file this their  motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6), showing in support as follows:

## I.    INTRODUCTION

1.    This is an action that has been filed by the sole individual plaintiff, Jake

Noch, who has brought suit in his individual capacity, which was removed from

the Wyoming state court to the federal district court for the District of Wyoming

with the consent of all named defendants.   The lawsuit is essentially a

shareholder's derivative action that the plaintiff is not entitled to bring and that should be dismissed because the complaint fails to state a valid cause of action. Plaintiff seeks unspecified damages and injunctive relief to enable him to inspect the corporate records of the Independent Film Development Corp. [hereinafter "IFLM"], a company that was dissolved and defunct since September 2017.

## STANDARD OF REVIEW

2.    A district court must dismiss a plaintiff's complaint if the district court does not possess subject matter jurisdiction over the claims.   Fed.R.Civ.P. 12(b)(1). See *U.S. v. Morton*, 467 U.S. 822, 828 (1984).   Federal courts are courts of limited jurisdiction and may only adjudicate claims  when jurisdiction is granted by statute or the United States Constitution. *Kokkonen v. Guardian Life Insurance Company*, 511 U.S. 375, 377 (1994).   In essence, a case may be properly dismissed for lack of subject matter jurisdiction  when the district court lacks the authority to adjudicate the matter.   *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.2d 1006, 1010 (5th Cir. 1998).

3.    Additionally, a complaint must be dismissed if the plaintiff fails to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 350 U.S. 544, 570 (2007)).   "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Id.* "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (2005); see also *Iqbal*, 129 S.Ct at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

4.      Furthermore, a district court may dismiss a complaint with prejudice when it considers the totality of the filings as comprising plaintiff's "best case." *Jacquez v. Procunier*, 801 F.2d 789, 792-793 (1986).

## STATEMENT OF THE CASE AND PERTINENT FACTS

5.      Plaintiff Jake Noch is a 20-yer-old "rap artist" that describes himself as a "financial genius". To the defendants' knowledge, Jake Noch is not a child prodigy. In fact, he has no significant education or experience with the business of stocks and securities (other than forming no less than 18 separate limited liability companies since he turned 18 and was old enough to file papers in the courthouse. Notably, most of those companies have since been abandoned).

6.      The defendant IFLM was a Nevada LLC that has been dissolved and defunct since September 2017. IFLM was subsequently re-domiciled in Wyoming, but since its dissolution, it has remained dissolved and defunct. IFLM has no appreciable assets and defendant Theo Hanson has recently been appointed as

president/CEO to wind up its affairs.   The two remaining individual defendants, Craig Loupelle and Robert Jeffrey Maguire, are both foreign nationals that reside and work in Canada.   Although named as officers of this defunct corporation, neither is actively involved in the affairs of IFLM.

I.

## THE INIVIDUALLY NAMED DEFEINDANTS WERE NEVER SERVED WITH THE SUMMONS AND COMPLAINT.

7.    On July 23, 2019, an action was commenced in the District Court of the State of Wyoming, County of Laramie, entitled Jake Noch v. Independent Film Development Corp., a Wyoming Corporation; Theo Hanson, an individual; Craig Loupelle; an individual; and Robert Jeffrey Maguire, an individual; as Case Number 191-858.   True and correct copies of the state court complaint (Exhibit A) and summons (Exhibit B) are attached   Service of complaint and summons was purportedly made on all of the defendants, including the individual defendants, on July 25, 2019.

8.    As can be seen from the summons attached hereto as Exhibit B, plaintiff claims to have obtained service on the defendants in their individual capacities by serving the agent for the defunct corporation.   Service of process was/is NOT waived by any of these defendants.   Defendant Theo Hanson resides in San Diego, California, and defendants Craig Loupelle and Robert Jeffrey Maguire both reside in Canada – and Jake Noch and his attorney know it.   See Plaintiff's State

4

Court Complaint at Exhibit A, paragraphs 9 and 10. However, despite such knowledge, plaintiff claims to have served the individual defendants by serving the registered agent for service of process of the defunct corporation in Cheyenne Wyoming. See summons and confirming email attached at Exhibit B.

9.     Of course a corporate defendant may be served with the initial pleadings by serving the registered agent for service of process, but there is no legal authority for a defendant in his individual capacity to be served by serving the agent for the corporation. For this reason alone, absent valid service on these individual defendants, the court has no personal jurisdiction and the purported service should be quashed.

II.
## THE PLAINTIFF JAKE NOCH HAS NO STANDING OR AUTHORITY TO BRING A LAWSUIT ON BEHALF OF HIMSELF OR THE SHAREHOLDERS OF IFLM.

10.     The substance of Jake Noch's complaint implies that he is bringing suit not only on behalf of himself individually, but also on behalf of allegedly aggrieved shareholders of IFLM. For example, Noch states at paragraphs 4 and 5 of his complaint, "These [allegedly] false and misleading statements caused substantial damages to Mr. Noch and other shareholders of IFLM. By this lawsuit, Mr. Noch seeks to protect his investment as a shareholder . . . and his fellow shareholders of IFLM." (emphasis supplied) As an individual, the plaintiff Jake Noch has no

authority to represent the entire class of shareholders. His distinguished counsel
knows better.

11.    it is not even clear that Jake Noch is a "shareholder" within the meaning of
Wyoming Stat. Ann. §17-16-140 (a)(xxxvii) that provides that "Shareholder"
means the person in whose name shares are registered in the records of a
corporation or the beneficial owner of shares to the extent of the rights granted by a
nominee certificate on file with a corporation.    No one associated with IFLM ever
heard of Jake Noch until late May 2019, and the records of this defunct corporation
are in the custody of Theo Hanson.   The defendants would submit that plaintiff
Noch is not a "shareholder" absent a showing that he registered his shares with the
corporation.   Again, Noch's state court complaint  does not allege that the shares
he claims he owns were ever registered as required by Wyoming law.

III.
THE FILING OF HE PLAINTIFF'S COMPLAINT IS PREMATURE.

12.    Interestingly, defendants can find no instance where the Noch state court
complaint characterizes this suit as a shareholder derivative suit, and for good
reason.   The Wyoming Business Corporation Act (and other statures dealing with
corporate business associations)  mandate that a shareholder derivate suit may not
be commenced until a written demand has been made upon the corporation to take
suitable action; and ninety (90) days have expired from the date the demand was
made.   Wyoming Stat. Ann. §17-16-742.   Defendants can find no allegation

whatsoever within the four corners of Noch's complaint indicating that Noch ever made any such demand prior to June 2019.

13.    Wyoming Stat. Ann. §17-16-1601(e); 17-16-1602 provides that Wyoming shareholders have the right to inspect corporate records, including minutes of both shareholder and director meetings, accounting records, list of shareholders, by-laws, and articles of incorporation if they have been the record owner of shares for at least six-months and own at least 5% of all shares outstanding . Wyoming Stat. Ann. §17-16-1602 (b) The plaintiff Noch has not alleged that he is entitled to seek relief under this chapter of the Wyoming Code.   If Noch does own the subject shares that he says he does, he hasn't owned them for at least six months and he should not be heard to have standing to request anything.

14.    Further, Wyoming Stat. Ann. §17-16-1602(c)(i) provides that the request for inspection must be made "in good faith and for a proper purpose."    If it comes to that point, the defendants are prepared to proffer written statements that Jake Noch has published bragging about his present intention to artificially "pump up the value of the stock", take the profits, and invest the proceeds in a bill collection company (?)    Notwithstanding Jake Noch's hollow protestations of impropriety on the part of the three individually named defendants, Noch's true motivation does not appear to have been made in good faith or for a proper purpose.    Jake

7

## CERTIFICATE OF SERVICE

I, Theo Hanson, certify that I filed the foregoing MOTION TO DISMISS and that I gave notice by mail to the following:

Bruce S. Asay
Associated Legal Group LLC
1812 Pebrican Ave.
Cheyenne, WY  82001
Attorney for Plaintiff Jake Noch

_____
Theo Hanson

# EXHIBIT A

..... S. Asay
.....sociated Legal Group, LLC
1312 Pebrican Ave.
Cheyenne, WY 82001
basay@associatedlegal.com
(307) 632-2888
Attorneys for Plaintiff

FILED

JUL 23 2019

DIANE SANCHEZ
CLERK OF THE DISTRICT COURT

IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT

IN AND FOR THE COUNTY OF LARAMIE, STATE OF WYOMING

JAKE NOCH, an individual,            )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )       Civil Action No. 191-858
                                     )
INDEPENDENT FILM DEVELOPMENT CORP.,  )
a Wyoming Corporation, THEO HANSON, an )
individual, CRAIG LOUPELLE, an individual, )
and ROBERT JEFFREY MAGUIRE, an       )
individual,                          )
                                     )
        Defendant.                   )

---

## COMPLAINT

---

Plaintiff, Jake Noch, an individual, by and through his undersigned counsel, Associated

Legal Group, LLC, for his Complaint against the Defendant, the Independent Film Development

Corporation, a Wyoming Corporation, ("IFLM" or "Company"), Theo Hanson ("Hanson"),

Craig Loupelle ("Loupelle"), and Robert Jeffrey Maguire ("Maguire") states and alleges as

follows:

## PRELIMINARY STATEMENT

1.      This action seeks to remedy wrongful conduct by Hanson with respect to false and misleading statements about an undisclosed deal between Hanson and Jeff Ritchie, IFLM's former Chief Executive Officer, with respect to certain securities of IFLM. Once Hanson acquired those securities, he then tried to protect his investment by mispresenting the voting rights of IFLM's Series A Preferred Stock ("Series A Prefererd Stock") and Series AA Preferred Stock (the "Series AA Preferred Stock," and together with the Series A Preferred Stock, the "Series A/AA Preferred Stock"). Then, after Hanson purchased the Series A/AA Preferred Stock from Ritchie, Hanson attempted to elect himself as a Director, Chief Executive Officer and Treasurer of IFLM, along with electing Loupelle and Maguire as Directors.

2.      The Series A/AA Preferred Stock held by Hanson does not, however, confer any voting rights to Hanson, let alone the right to elect himself as a Director or Chief Executive Officer and Treasurer. As a result, his election of himself and Loupelle and Maguire, along with his election of Chief Executive Officer, was without authority.

3.      After the purchase of the Series A/AA Prefered Stock, in June 2019, Hanson publicly disseminated false information about the voting rights of Series A/AA Preferred Stock and Common Stock of IFLM.

4.      These false and misleading statements caused substantial damages to Mr. Noch and other shareholders of IFLM.

5.      By this lawsuit, Mr. Noch seeks to protect his investment as an a shareholder of at least 10% of the Common Stock of IFLM and his fellow shareholdres of IFLM.

2

BACKGROUND FACTS

6.    Jake Noch, an individual, of Naples, Collier County, Florida, is a stockholder in the Defendant Corporation, Independent Film Development Corporation.

7.    IFLM is a Wyoming corporation registered with the Wyoming Secretary of State as a for-profit corporation created for the purpose of film and entertainment development.

8.    Hanson purports to be a director and the Chief Executive Officer of IFLM, and maintains a business address at 10831 Quail Canyon Road, El Cajon, CA 92021.

9.    Loupelle purports to be a director of IFLM, and his election as director was without authority, and maintains a business address at 302 Stanley St., Barrie, Ontario, L4M 6x6, Canada.

10.    Maguire purports to be a director of IFLM, and his election as director was without authority, and maintains a business address at 400 Bayfield St., Barrie, Ontario, L4M 5A1, Canada.

11.    In its Articles of Incorporation, IFLM indicates that its purpose is to carry on as a non-diversified closed-end management investment company, as those terms are used in the Investment Company Act of 1940 ("1940 Act"), having elected to be regulated under the 1940 Act as a business development company, which is a closed-end management investment company that provides small businesses that qualify as an "eligible portfolio company" with investment capital and also significant managerial assistance.

12.    The articles of incorporation (the "Articles") set forth that IFLM has the authority to issue 500,000,000 shares of all classes of capital stock, of which 485,000,000 were designated as common stock, $0.001 par value per share, and of which 15,000,000 are to be shares of series preferred stock, $0.001 par value per share.

3

13.    After various amendments to the Articles, the Corporation purportedly became authorized to issue (i) 6,000,000,000 shares of common stock, par value $0.00001 and (ii) 5,000,010 shares of preferred stock, par value $0.0001 (the "Preferred Stock").

14.    The Preferred Stock appears to have been further designated by purported corporation action through Certificates of Designation filed at various times into Series A Preferred Stock, Series AA Preferred Stock, Series B Preferred Stock and Series F Preferred Stock.

15.    On June 14, 2019, Hanson publicly stated, on behalf of himself and as the purported Chief Executive Officer and Director of IFLM, that IFLM's common stock has no voting rights whatsoever. However, the Articles, as amended, plainly provide that IFLM's common stock has one vote per share. Thus, Hanson publicly released a material misrepresentation blatantly contradicted by the Articles, as amended, in an attempt to manipulate the price of IFLM's publicly-traded stock on the OTC Markets.

16.    Hanson doubled-down on his misrepresentations by stating, on behalf of himself and as the purported Chief Executive Officer and Director of IFLM, "Class A" and "Class AA" shares make up the entire voting bloc of the Company. That representation is unequivocally false and misleading. IFLM does not have, nor do the Articles even mention, any class or series of stock designated as "Class A" or "Class AA". To date, neither IFLM nor Hanson has issued a statement curing such misrepresentation.

17.    Additionally, Hanson has scheduled a meeting of the IFLM shares in August 2019. Hanson does not have the right under IFLM's operative certificate of incorporation or bylaws to notice a shareholder meeting. His election as an officer and director is void, without authority and *ultra vires*, and he is not a holder of ten percent (10%) of the shares of IFLM.

4

18.     Hanson harbored an ulterior motive to misrepresent the voting rights of the common stock and the designation of the so-called "Class A" and "Class AA" shares.

19.     In fact, the Certificates of Designation of the Series A Preferred Stock and the Series AA Preferred Stock fail to confer *any right* upon either the Series A Preferred Stock or the Series AA Preferred Stock to vote together on all matters, let alone any matters, upon which the common stockholders may vote.

20.     In stark contrast thereto, the Certificates of Designation for the Series B Preferred Stock and Series F Preferred Stock do, in fact, confer the right on the holders of such shares of preferred stock to "vote together with holders of Company's common stock on all matters upon which common stockholders may vote."

21.     Because Hanson has manipulated the IFLM market, his election as Chief Executive Officer, Treasurer and Director of IFLM and the election of Loupelle and Maguire as Directors of IFLM, including any other positions at the Company, is without authority and *ultra vires* as, moreover, no meeting of the shareholders was called, noticed or had for such election and Hanson's holding of Series A Preferred Stock and Series AA Preferred Stock fail to confer any right for him to vote for his election of the Board of Directors of IFLM and, resultingly, for his vote for the Directors and in favor of his unauthorized election as Chief Executive Officer and Treasurer.

22.     In short, by information and belief, Hanson misrepresented, on behalf of himself and as the purported Chief Executive Officer and Director of IFLM, the voting power of the Series A Preferred Stock and Series AA Preferred Stock he allegedly acquired from IFLM's prior management. Despite Mr. Noch's request for Hanson to provide the purchase agreement to Mr. Noch, Hanson has dodged the request. Instead, Hanson has been trying with persistent, daily

..... to lure Mr. Noch into purchasing Hanson's Series A Preferred Stock and Series AA

........red Stock because Hanson realizes he was swindled into purchasing stock that does not

....... together with holders of Company's common stock on any matters upon which common

stockholders may vote.

## FIRST COUNT
### (Declaratory Judgment)

23.     An actual dispute with respect to legal relations exists between Mr. Noch, IFLM

Maguire, Loupelle and Hanson with respect to the voting rights of the Series A Preferred Stock

and Series AA Preferred Stock and Common Stock.

24.     On the one hand, Hanson, Maguire, Loupelle and IFLM believe and have publicly

disseminated statements that the Series A Preferred Stock and Series AA Preferred Stock are the

entire voting and controlling bloc of IFLM and that the Common Stock has no voting rights.

25.     On the other hand, Mr. Noch believes Series A Preferred Stock and Series AA

Preferred Stock do not have voting rights and the Common Stock has one vote her share.

26.     The Uniform Declaratory Judgment Act authorizes this Court to settle and to

afford relief from uncertainty and insecurity with respect to legal relations, and is to be liberally

construed and administered.

27.     As a result of the dispute between Mr. Noch, Hanson, Maguire, Loupelle and

IFLM, Mr. Noch seeks entry of a declaratory judgment that

        a.   the Series A Preferred Stock has no voting rights;

        b.   the Series AA Preferred Stock has no voting rights;

        c.   the Series A Preferred Stock does not vote together with the Common Stock;

        d.   the Series AA Prefered Stock does not vote together with the Common Stock;

6

    e.  the election of Hanson as Chief Executive Officer of IFLM is void, without authority and *ultra vires*;

    f.  the election of Hanson as Treasurer of IFLM is void, without authority and *ultra vires*;

    g.  the election of Maguire as Director of IFLM is void, without authority and *ultra vires*;

    h.  the election of Louplle as Director of IFLM is void, without authority and *ultra vires*; and

    i.  Hanson lacks authority to notice or call a shareholder meeting.

28.    All persons who have or claim to have an interest which would be affected by the declaratory judgment have been made parties hereto.

29.    Judgment hereon would terminate the uncertainty or controversy giving rise to this proceeding.

30.    Plaintiff has incurred substantial attorneys' fees and costs to enforce his rights.

SECOND COUNT
(Preliminary and Permanent Injunction)

31.    Mr. Noch incorporates the immediately preceding paragraphs in full as if set forth fully herein.

32.    Hanson, Loupelle and Maguire have purported to notice or call a meeting of the shareholders for August 2019, for which they lack authority.

33.    Any meeting of the shareholders would be void, without authority and *ultra vires*, and such meeting, if consummated, would cause irreparable harm by purporting to take corporation action where Hanson, Loupelle and Maguire lack the authority to cause.

34.    As a result, Mr. Noch seeks a preliminary and permanent injunction enjoining Hanson, Loupelle and Maguire from noticing or calling a shareholders meeting, from holding a

7

... meeting until further order of this Court and from representing that any of them are

... directors of IFLM.

WHEREFORE, the Plaintiff, Jake Noch, hereby demands of this Court judgment in his

... and against the Defendants, that the Court declare the legal rights of the parties, that the

... urt enter a preliminary and permanent injunction against the Defendants, along with granting

damages, punitive damages, consequential damages, costs, interests, expenses, attorneys' fees

and such other and further relief as the Court deems just and proper.

Dated this 22nd of July, 2019.

Bruce S. Asay
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, WY 82001
basay@associatedlegal.com
(307) 632-2888
Attorney for Plaintiff

8

## ACKNOWLEDGEMENT

I, Jake Noch, the Plaintiff in this matter, do acknowledge, pledge, and confirm, that the statements contained within the foregoing Complaint are true and correct to the best of my knowledge and belief.

Jake Noch
3811 Airport Pulling, STE 203
Naples, FL 34105

STATE OF FLORIDA )
                  ) SS.
COUNTY OF COLLIER )

The foregoing instrument was acknowledged, subscribed, and sworn to before me by, Jake Noch, on this 22nd day of July, 2019.

Personally Known

Notary Public

My Commission Expires:

James Chillemi
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG079930
Expires 3/6/2021

# EXHIBIT B

Begin forwarded message:

From: Rose Garcia <rgarcia@wyomingregisteredagent.com>
Subject: Regarding Wyoming Registered Agent- Service of Process-
Independent Film Development Corporation
Date: July 25, 2019 at 2:06:07 PM PDT
To: theo.henson@yahoo.com

Good afternoon,
Attached is a Service of Process we received for you today,
Thank you and have a great day.

... ...say
... ...ted Legal Group, LLC
.. Pebrican Avenue,
...yenne, Wyoming 82001
...B No. 5-1739
Telephone:  (307) 632-2888
Facsimile:  (307) 632-2828

## IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT

## COUNTY OF LARAMIE, STATE OF WYOMING

| | |
|---|---|
| JAKE NOCH, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>INDEPENDENT FILM DEVELOPMENT CORP.,<br>Theo Hanson, an individual, Craig Loupelle,<br>an individual, Robert Jeffrey Maguire, an individual,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 191-858 |

### SUMMONS

TO:    Robert Jeffrey Maguire, Director
              Independent Film Development Corp.
              1621 Central Avenue
              Cheyenne, WY 82001

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon Plaintiff's Attorney, Bruce S. Asay, Associated Legal Group, LLC, 1812 Pebrican Avenue, Cheyenne, WY 82001 Telephone: (307) 632-2888, Facsimile: (307) 632-2828, an Answer to the Complaint, which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service.   If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

DATED this __23__ day of ___July___, 2019.

                                 _Diane Sanchez_
                               CLERK OF THE COURT

By:   _Stephanie Wilson_
Summons        Deputy Clerk District Court

Legal Group, LLC
can Avenue,
e, Wyoming 82001
No. 5-1739
one: (307) 632-2888
smile: (307) 632-2828

## IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT

## COUNTY OF LARAMIE, STATE OF WYOMING

| | |
|---|---|
| JAKE NOCH, an Individual, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 191-858 |
| | ) |
| v. | ) |
| | ) |
| INDEPENDENT FILM DEVELOPMENT CORP., | ) |
| Theo Hanson, an individual, Craig Loupelle, | ) |
| an individual, Robert Jeffrey Maguire, an individual, | ) |
| | ) |
| Defendants. | ) |

### SUMMONS

TO:   Theo Hanson
      Chief Executive Officer
      Independent Film Development Corp.
      1621 Central Avenue
      Cheyenne, WY 82001

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon Plaintiff's Attorney, Bruce S. Asay, Associated Legal Group, LLC, 1812 Pebrican Avenue, Cheyenne, WY 82001 Telephone: (307) 632-2888, Facsimile: (307) 632-2828, an Answer to the Complaint, which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

DATED this 23 day of ___July___, 2019.

_Diane Sanchez_
CLERK OF THE COURT

By: _Stephanie Wilson_
    Deputy Clerk   Deputy Clerk District Court

Summons

Page 1 of 2

...ay
...rd Legal Group, LLC
... irican Avenue,
... :nne, Wyoming 82001
... No. 5-1739
...phone:   (307) 632-2888
...csimile:   (307) 632-2828

## IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT

## COUNTY OF LARAMIE, STATE OF WYOMNG

JAKE NOCH, an Individual,                           )
                                                    )
    Plaintiff,                   )
                                                    )   Civil Action No. 191-858
v.                                                  )
                                                    )
INDEPENDENT FILM DEVELOPMENT CORP.,                 )
Theo Hanson, an individual, Craig Loupelle,         )
an individual, Robert Jeffrey Maguire, an individual, )
                                                    )
    Defendants.                  )

### SUMMONS

TO:    Craig Loupelle, Director
        Independent Film Development Corp.
        1621 Central Avenue
        Cheyenne, WY 82001

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon Plaintiff's Attorney, Bruce S. Asay, Associated Legal Group, LLC, 1812 Pebrican Avenue, Cheyenne, WY 82001 Telephone: (307) 632-2888, Facsimile: (307) 632-2828, an Answer to the Complaint, which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

    DATED this _23_ day of _July_____, 2019.

                                                        CLERK OF THE COURT

                By:    _____
                      Deputy Clerk
                          Deputy Clerk District Court

    Summons

⸺ S. Asay
⸺ciated Legal Group, LLC
⸺12 Pebrican Avenue,
Cheyenne, Wyoming 82001
WSB No. 5-1739
Telephone:  (307) 632-2888
Facsimile:  (307) 632-2828

# IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT

# COUNTY OF LARAMIE, STATE OF WYOMING

JAKE NOCH, an Individual,  )
      )
    Plaintiff,  )
      )    Civil Action No. 191-858
v.  )
      )
INDEPENDENT FILM DEVELOPMENT CORP.,  )
Theo Hanson, an individual, Craig Loupelle,  )
an individual, Robert Jeffrey Maguire, an individual,  )
      )
    Defendants.  )

## SUMMONS

TO:    Independent Film Development Corporation
        1621 Central Avenue
        Cheyenne, WY 82001

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon Plaintiff's Attorney, Bruce S. Asay, Associated Legal Group, LLC, 1812 Pebrican Avenue, Cheyenne, WY 82001 Telephone: (307) 632-2888, Facsimile: (307) 632-2828, an Answer to the Complaint, which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

    DATED this 23 day of July, 2019.

                                      Diane Sanchez
                                        CLERK OF THE COURT

        By:    Stephanie Wilson
            Deputy Clerk

                  Deputy Clerk District Court

Summons